UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLENN METZ | CIVIL ACTION |
| VERSUS | NO. 19-5051 |
| ROBERT TANNER, WARDEN | SECTION: "H"(3) |

REPORT AND RECOMMENDATION

Petitioner, Glenn Metz, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

On August 26, 2014, petitioner pleaded guilty to one count of manslaughter and two counts of attempted manslaughter under Louisiana law. On that same date, he was sentenced on each count to a concurrent term of forty years imprisonment, and it was ordered that the sentences for the attempted manslaughter convictions be served without benefit of probation, parole, or suspension of sentence.[1]

On August 25, 2015, petitioner, through counsel, filed an application for post-conviction relief with the state district court.[2] Although that application was initially denied in September of 2015,[3] the trial court, for reasons which are unclear from the state court record, apparently subsequently vacated that ruling and ordered the state to file a response to the application. The

---

[1] State Rec., Vol. 1 of 4, minute entry dated August 26, 2014; State Rec., Vol. 2 of 4, guilty plea form.
[2] State Rec., Vol. 2 of 4.
[3] State Rec., Vol. 2 of 4, Judgment dated September 10, 2015; State Rec., Vol. 1 of 4, minute entry dated September 15, 2015.

state then opposed the application both on procedural grounds[4] and on the merits.[5] Without holding an evidentiary hearing, the state district court thereafter again denied the application on July 15, 2016.[6] Petitioner's related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on September 30, 2016,[7] and by the Louisiana Supreme Court on February 9, 2018.[8]

Petitioner alleges that he then mailed a federal application for habeas corpus relief to this Court on December 14, 2018, but that application was lost in the mail.[9] Therefore, an unidentified individual mailed the instant application which was received by the Court on March 28, 2019.[10] The state has filed a response arguing that the application should be dismissed as untimely,[11] and petitioner has filed a reply to that response.[12] For the following reasons, petitioner's federal application is in fact untimely and should be dismissed on that basis.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is generally required to bring his § 2254 claims within one (1) year of the date on which his underlying state criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A).[13] With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

---

[4] State Rec., Vol. 3 of 4, State's Procedural Objections to Defendant's Application for Post-Conviction Relief.
[5] State Rec., Vol. 3 of 4, State's Response on the Merits to Defendant's Application for Post-Conviction Relief.
[6] State Rec., Vol. 1 of 4, transcript of July 15, 2016; State Rec., Vol. 3 of 4, minute entry dated July 15, 2016.
[7] State v. Metz, No. 2016-K-0806 (La. App. 4th Cir. Sept. 30, 2016); State Rec., Vol. 3 of 4.
[8] State v. Metz, 235 So. 3d 1092 (La. 2018); State Rec., Vol. 4 of 4.
[9] See Rec. Doc. 1, p. 9, answer to question 18; Rec. Doc. 20, p. 1.
[10] Rec. Doc. 1. That second application was signed by the unidentified individual purportedly on petitioner's behalf. Id. at p. 11. See 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). Petitioner has since confirmed in writing that "[p]etitioner's friend who signed the petition was clearly operating with the consent of and in the best interests of petitioner." Rec. Doc. 20, p. 1.
[11] Rec. Doc. 18.
[12] Rec. Doc. 20.
[13] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *However, if the defendant stops the appeal process before that point ... the conviction becomes final when the time for seeking further direct review in the state court expires.*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added; citations, quotation marks, and brackets omitted).

Here, petitioner pleaded guilty and was sentenced on August 26, 2014. Because he did not file a direct appeal within the thirty days allowed by state law,[14] his state court criminal judgment then became final no later than September 25, 2014. Accordingly, his period in which to file his federal application for habeas corpus relief commenced on that date and then expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After three hundred thirty-three (333) days elapsed, petitioner tolled his one-year federal limitations period by filing a post-conviction application with the state district court on August 25, 2015. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn

---

[14] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

3

Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). In the instant case, the state does not argue that petitioner's related writ applications were untimely. Accordingly, the state concedes and the undersigned finds that tolling continued until February 9, 2018, the date on which the Louisiana Supreme Court denied relief.[15]

When the limitations period then resumed running at that point, petitioner had thirty-two (32) days of the one-year limitations period remaining. Therefore, he had only until March 13, 2018, to again toll the federal limitations period or, barring that, to file his federal application.

Petitioner had no other applications for post-conviction or other collateral review pending before the state courts on or before March 13, 2018. Accordingly, he clearly is not entitled to further statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Indeed, the Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the

---

[15] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

instant case, petitioner has brought forth no evidence whatsoever demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court notes that a petitioner can overcome the AEDPA's statute of limitations by making a convincing claim of "actual innocence" under McQuiggin v. Perkins, 569 U.S. 383 (2013). In Perkins, the United States Supreme Court stated:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 386 (citations, quotation marks, and brackets omitted). Here, petitioner has not invoked Perkins. Moreover, in any event, he has not claimed in his federal application that he is actually innocent, much less presented any new evidence in support of such a claim.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the Perkins "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than **March 13, 2018**, in order to be timely. Because petitioner did not even attempt to file his federal application until **December 14, 2018**, the instant application must be dismissed as untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application seeking federal habeas corpus relief filed by Glenn Metz be **DISMISSED WITH PREJUDICE**.

5

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this __28th__ day of February, 2020.

                                                  **DANA M. DOUGLAS**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[16] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.